**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **SYLVIA FUENTES,** | § | |
| *Individually* and *Representative of the* | § | |
| **ESTATE OF SAMMUEL TOOMEY;** | § | |
| **JONATHON KELLY TOOMEY;** | § | |
| **JOSHUA TOOMEY;** | § | |
| **EVERETT TOOMEY; and** | § | |
| **HANNAH TOOMEY** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 2:15-cv-327** |
| | § | **JURY** |
| **CITY OF CORPUS CHRISTI, TEXAS;** | § | |
| **DANIEL JIMENEZ,** *Individually*; | § | |
| **MICHAEL SMOTHERMAN,** *Individually*; | § | |
| **JOHN/JANE DOE #1,** *Individually;* | § | |
| **JOHN/JANE DOE #2,** *Individually;* | § | |
| **JOHN/JANE DOE #3,** *Individually;* | § | |
| **JOHN/JANE DOE #4,** *Individually;* | § | |
| **JOHN/JANE DOE #5,** *Individually*; | § | |
| **NUECES COUNTY, TEXAS;** | § | |
| **JOHN/JANE DOE #6,** *Individually*; | § | |
| **JOHN/JANE DOE #7,** *Individually.* | § | |
| **JOHN/JANE DOE #8,** *Individually*; | § | |
| **JOHN/JANE DOE #9,** *Individually*; and | § | |
| **JOHN/JANE DOE #10,** *Individually* | § | |

## PLAINTIFFS' FIRST AMENDED ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:**

**NOW COME** Plaintiffs, Sylvia Fuentes, as *Representative of the* Estate of Sammuel

Toomey, Jonathon Kelly Toomey, Joshua Toomey, Everett and Hannah Toomey, bringing this their

*Plaintiffs' Original Complaint*, praying for damages against City of Corpus Christi, Texas,  Daniel

Jimenez, *Individually*, Michael Smotherman, *Individually*, John/Jane Doe #1, *Individually*, John/Jane

Doe #2, *Individually,* John/Jane Doe #3, *Individually,* John/Jane Doe #4,  *Individually*,  John/Jane

Doe #5, *Individually,* Nueces County, Texas,  John/Jane Doe #6, *Individually*, John/Jane Doe #7,

*Individually,* John/Jane Doe #8, *Individually,* John/Jane Doe #9, *Individually*, and John/Jane Doe #10, *Individually* who jointly and severally, denied Sammuel Toomey his rights guaranteed by the Constitution and laws of the United States of America and the State of Texas.

## I.
## JURISDICTION AND VENUE

1.      This court has jurisdiction over this action pursuant to 28 U.S.C. §1331 (federal question) and 28 U.S.C. §1343(3) (civil rights).  This court also has supplemental jurisdiction pursuant to 28 U.S.C.  §1367 to hear the state claims that will be set forth in this complaint.  Venue is proper in the Southern District of Texas, Corpus Christi Division as this is the district where the claim arose in accordance with 29 U.S.C.§1391(b).

## II.
## PARTIES

2.      Plaintiffs are individual residents of the State of Texas.  Sylvia Fuentes is the wife of Sammuel Toomey.  Jonathon Kelly Toomey is a son of Sammuel Toomey.  Joshua Toomey is a son of Sammuel Toomey.  Everett Toomey is a son of Sammuel Toomey.  Hannah Toomey is a daughter of Sammuel Toomey.

3.      Defendant City of Corpus Christi, Texas, (hereinafter "City"), is a political subdivision of the State of Texas and can be served with summons upon City of Corpus Christi, Texas, Mayor Joe Adame, 1201 Leopard Street, Corpus Christi, Texas 78401 or P.O. Box 9277, Corpus Christi, Texas 78469.

4.      Defendant Daniel Jimenez (hereinafter "Jimenez") was, at all times material to this suit, an officer employed by the CORPUS CHRISTI POLICE DEPARTMENT.  Each of the acts complained of herein arises from the conduct of Defendant while acting under color of state law, and was

2

committed within the scope of his employment and authority with the CORPUS CHRISTI POLICE DEPARTMENT. Defendant Jimenez can be served with summons at his place of employment, CORPUS CHRISTI POLICE DEPARTMENT, 321 John Sartain Street, Corpus Christi, Texas 78401.

5.      Defendant Michael Southerman (hereinafter "Southerman") was, at all times material to this suit, an officer employed by the CORPUS CHRISTI POLICE DEPARTMENT. Each of the acts complained of herein arises from the conduct of Defendant while acting under color of state law, and was committed within the scope of his employment and authority with the CORPUS CHRISTI POLICE DEPARTMENT. Defendant Southerman can be served with summons at his place of employment, CORPUS CHRISTI POLICE DEPARTMENT, 321 John Sartain Street, Corpus Christi, Texas 78401.

11. Defendant Nueces County, Texas, (hereinafter "Defendant NUECES COUNTY"), is a political subdivision of the State of Texas, and can be served with summons upon NUECES COUNTY, Texas, Nueces County Judge Lloyd Neal, 901 Leopard Street, Corpus Christi, Texas 78401.

6.      Defendant John/Jane Doe #1 (hereinafter "John/Jane Doe #1") was, at all times material to this suit, an officer employed by the CORPUS CHRISTI POLICE DEPARTMENT. Each of the acts complained of herein arises from the conduct of Defendant while acting under color of state law, and was committed within the scope of his/her employment and authority with the CORPUS CHRISTI POLICE DEPARTMENT. Defendant John/Jane Doe #1 can be served with summons at his/her place of employment, CORPUS CHRISTI POLICE DEPARTMENT, 321 John Sartain Street, Corpus Christi, Texas 78401.

7.      Defendant John/Jane Doe #2(hereinafter "John/Jane Doe #2") was, at all times material to this suit, an officer employed by the CORPUS CHRISTI POLICE DEPARTMENT. Each of the acts complained of herein arises from the conduct of Defendant while acting under color of state law, and

was committed within the scope of his/her employment and authority with the CORPUS CHRISTI POLICE DEPARTMENT.  Defendant  John/Jane Doe #2 can be served with summons at his/her place of employment, CORPUS CHRISTI POLICE DEPARTMENT, 321 John Sartain Street, Corpus Christi, Texas 78401.

8.      Defendant John/Jane Doe #3 (hereinafter "John/Jane Doe #3")  was, at all times material to this suit, an officer employed by the CORPUS CHRISTI POLICE DEPARTMENT.  Each of the acts complained of herein arises from the conduct of Defendant while acting under color of state law, and was committed within the scope of his/her employment and authority with the CORPUS CHRISTI POLICE DEPARTMENT.  Defendant  John/Jane Doe #3 can be served with summons at his/her place of employment, CORPUS CHRISTI POLICE DEPARTMENT, 321 John Sartain Street, Corpus Christi, Texas 78401.

9.      Defendant John/Jane Doe #4 (hereinafter "John/Jane Doe #4")  was, at all times material to this suit, an officer employed by the CORPUS CHRISTI POLICE DEPARTMENT.  Each of the acts complained of herein arises from the conduct of Defendant while acting under color of state law, and was committed within the scope of his/her employment and authority with the CORPUS CHRISTI POLICE DEPARTMENT.  Defendant  John/Jane Doe #4 can be served with summons at his.her place of employment, CORPUS CHRISTI POLICE DEPARTMENT, 321 John Sartain Street, Corpus Christi, Texas 78401.

10.     Defendant John/Jane Doe #5 (hereinafter "John/Jane Doe #5")  was, at all times material to this suit, an officer employed by the CORPUS CHRISTI POLICE DEPARTMENT.  Each of the acts complained of herein arises from the conduct of Defendant while acting under color of state law, and was committed within the scope of his/her employment and authority with the CORPUS CHRISTI

4

POLICE DEPARTMENT.  Defendant  John/Jane Doe #5 can be served with summons at his/her place of employment, CORPUS CHRISTI POLICE DEPARTMENT, 321 John Sartain Street, Corpus Christi, Texas 78401.

11.     Defendant Nueces County, Texas, (hereinafter "Defendant NUECES COUNTY"), is a political subdivision of the State of Texas, and can be served with summons upon NUECES COUNTY, Texas, Nueces County Judge Lloyd Neal, 901 Leopard Street, Corpus Christi, Texas 78401.

12.     Defendant John/Jane Doe #6 (hereinafter "John/Jane Doe #6") was, at all times material to this suit, an officer employed by the Nueces County Sheriff's Department.  Each of the acts complained of herein arises from the conduct of Defendant while acting under color of state law, and was committed within the scope of his/her employment and authority with the Nueces County Sheriff's Department.  Defendant John/Jane Doe #6 may be served with summons at his/her place of employment, NUECES COUNTY SHERIFF'S DEPARTMENT, 901 Leopold St., Corpus Christi, Texas 78401.

12.     Defendant John/Jane Doe #7 (hereinafter "John/Jane Doe #7") was, at all times material to this suit, an officer employed by the Nueces County Sheriff's Department.  Each of the acts complained of herein arises from the conduct of Defendant while acting under color of state law, and was committed within the scope of his/her employment and authority with the Nueces County Sheriff's Department.  Defendant John/Jane Doe #7 may be served with summons at his/her place of employment, NUECES COUNTY SHERIFF'S DEPARTMENT, 901 Leopold St., Corpus Christi, Texas 78401.

13.     Defendant John/Jane Doe #8 (hereinafter "John/Jane Doe #8") was, at all times material to this suit, an officer employed by the Nueces County Sheriff's Department.  Each of the acts

complained of herein arises from the conduct of Defendant while acting under color of state law, and was committed within the scope of his/her employment and authority with the Nueces County Sheriff's Department.  Defendant John/Jane Doe #8 may be served with summons at his/her place of employment, NUECES COUNTY SHERIFF'S DEPARTMENT, 901 Leopold St., Corpus Christi, Texas 78401.

14.     Defendant John/Jane Doe #9 (hereinafter "John/Jane Doe #9") was, at all times material to this suit, an officer employed by the Nueces County Sheriff's Department.  Each of the acts complained of herein arises from the conduct of Defendant while acting under color of state law, and was committed within the scope of his/her employment and authority with the Nueces County Sheriff's Department.  Defendant John/Jane Doe #9 may be served with summons at his/her place of employment, NUECES COUNTY SHERIFF'S DEPARTMENT, 901 Leopold St., Corpus Christi, Texas 78401.

15.     Defendant John/Jane Doe #10 (hereinafter "John/Jane Doe #10") was, at all times material to this suit, an officer employed by the Nueces County Sheriff's Department.  Each of the acts complained of herein arises from the conduct of Defendant while acting under color of state law, and was committed within the scope of his/her employment and authority with the Nueces County Sheriff's Department.  Defendant John/Jane Doe #10 may be served with summons at his/her place of employment, NUECES COUNTY SHERIFF'S DEPARTMENT, 901 Leopold St., Corpus Christi, Texas 78401.

**III**
**FACTS**

16.     Whenever, in this complaint it is alleged that any Defendant did any act, thing, and/or omission, it is meant that Defendant and/or Defendant's officers, agents, servants, employees or representatives did such act, thing and/or omission and that at the time it was done with full authorization and/or ratification of Defendant or done during the employment of Defendant and/or Defendant's officers, agents, servants, employees or representatives.

17.     On or about September 14, 2014, was at his home in Nueces County, Texas.  During the morning hours Mr. Toomey had several altercations with one of the neighbors, who was wielding a knife and threatening Mr. Toomey's life.  On each occasion Mr. Toomey called the Corpus Christi Police Department at least five (5) times.  The police came out to Mr. Toomey's home.  After his final call to the police that morning the police told Mr. Toomey that if he called them back one more time they were going to arrest him.  Later that afternoon Mr. Toomey's neighbor once again approached him, wielding a knife, and Mr. was afraid to call the police due to their prior threat of arrest.  Mr. Toomey was  frustrated and did not know where to turn so he  took matters into his own hands and the situation escalated.  Mr. Toomey grabbed his gun and shot at the neighbor that was threatening him, hitting three innocent bystanders.  Mr. Toomey  was arrested by the Corpus Christi by the Corpus Christi Police Department and taken into custody.

18.      Even though offered no resistance, Mr. Toomey was handcuffed and was lying on his stomach, he was held down and tazed by Defendant Daniel Jiemenez, John/Jane Doe No. 1, John/Jane Doe No. 2, John/Jane Doe No. 3, John/Jane Doe No. 4 and John Doe No. 5.  Additionally, after he was being taken to the patrol car Defendant Daniel Jiemenez, John/Jane Doe No. 1,

John/Jane Doe No. 2, John/Jane Doe No. 3, John/Jane Doe No. 4  and John Doe No. 5 slammed him head first into the back of the vehicle.

19.     After Mr. Toomey was in the vehicle he was transported to an undisclosed location where Defendant Daniel Jiemenez, John/Jane Doe No. 1, John/Jane Doe No. 2, John/Jane Doe No. 3, John/Jane Doe No. 4  and John/Jane Doe No. 5, met up and decided to beat Mr. Toomey and cause numerous injuries to his body.

19.     Thereafter, Mr. Toomey was taken to the Nueces County Jail.  When he was processed Mr. Toomey stated that he was going to kill himself to the intake clerk.  The staff at the jail was informed and aware that Mr. Toomey was suicidal. John/Jane Doe No. 6, John/Jane Doe No. 7, John/Jane Doe No. 8, John/Jane Doe No. 9 and John Doe No. 10, failed to supervise Mr. Toomey or they just didn't care if Mr. Toomey actually followed through on his threat causing Mr. Toomey to commit suicide as they idly stood by.

20.     As a result of the officers' actions, Mr. Toomey sustained numerous injuries to his body, including, but not limited to, bruising and abrasions about his body and more importantly his face. Nueces County Jail

21.     Plaintiffs are informed and believe, and thereupon allege that in committing said acts and/or omissions, each Defendant was the agent and employee of each other Defendant and was acting within such agency and employment and that each Defendant was acting under color of state law.

22.     Moreover, the officers' acts amount to an excessive and/or unnecessary use of force.  Said excessive/unnecessary use of force is objectively unreasonable as no reasonable police officer and/or law enforcement officer given the same or similar circumstances would have initiated such a brutal and life threatening attack on any person seized and in the position of Mr. Toomey, who was in

custody and/or control of law enforcement.

23.    At all pertinent times, Defendant City of Corpus Christi (by and though the Corpus Christi Police Department) authorized and ratified the wrongful and tortuous acts and/or omissions of its officers

**IV.**
**FIRST CLAIM FOR RELIEF AGAINST THE CITY OF CORPUS CHRISTI DANIEL JIMENEZ, INDIVIDUALLY, MICHAEL SMOTHERMAN, INDIVIDUALLY, JOHN/JANE DOE #1, INDIVIDUALLY, JOHN/JANE DOE #2, INDIVIDUALLY, JOHN/JANE DOE #3, INDIVIDUALLY, JOHN/JANE DOE #4,  INDIVIDUALLY, JOHN/JANE DOE #5, INDIVIDUALLY- - §1983**

24.    The allegations contained in Paragraphs 16 thru 23 are herein incorporated by reference, the same as if fully set forth verbatim for any and all purposes of this pleading.

25.    The Civil Rights of 1871, now codified as 42 U.S.C.S. §1983 as federal law provides: "Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state or territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any laws, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."   42 U.S.C.S. §1983.

26.    The state action requirement for standing under 42 U.S.C.S. §1983 has more commonly been referred to as "color of state law," from the statute itself.  Plaintiffs are informed and believe, and thereupon allege that in committing said acts and/or omissions, each Defendant was the agent and employee of each other Defendant and was acting within such agency and employment and that each Defendant was acting under color of state law.

27.    42 U.S.C.S. §1983 requires that the conduct complained of must have deprived the person

of some privilege or immunity secured by the Constitution or laws of the United States.  As such, Plaintiff alleges that Defendants, jointly and/or severally Mr. Tommey's of their Fourth Amendment rights and those rights, privileges, and immunities secured by the Fifth and Eighth Amendments to the Constitution incorporated and applied to the states through the Fourteenth Amendment. Defendants violated this provision by the following actions and/or omissions, *inter alia*:

a)      by using excessive force and/or deadly force in the course of Defendants' custody of Mr. Tommey, in violation of the Fourth Amendment and its "reasonableness" standard.  Plaintiffs therefore plead that Mr. Toomey was unlawfully beaten.  Said actions resulted directly and only from the use of force that was clearly excessive to the need, and the excessiveness of which was objectively unreasonable; and

c)      by failing to provide supervision and/or proper training, where the necessity of same was necessary, required by law, and/or needed.

28.     Defendants' actions and/or omissions were not "objectively unreasonable" in light of the facts and circumstances confronting them without regard to their underlying intent or motivation.  Clearly, careful attention to the facts and circumstances of this particular case demonstrates the unreasonableness of Defendants' actions.  In light of the fact that Mr. Tommey was not resisting arrest and was actually handcuffed, it is initially absurd that Defendts would deem force was warranted and/or required.  Furthermore, Mr. Tommey never posed an immediate threat to the safety of Defendants Daniel Jimenez, *Individually*, Michael Smotherman, *Individually*, John/Jane Doe #1, *Individually*, John/Jane Doe #2, *Individually,* John/Jane Doe #3, *Individually,* John/Jane Doe #4, *Individually*,  John/Jane Doe #5, *Individually*.   For these and other reasons, it was objectively unreasonable for Defendants Daniel Jimenez, *Individually*, Michael Smotherman, *Individually*, John/Jane Doe #1, *Individually*, John/Jane Doe #2, *Individually,* John/Jane Doe #3, *Individually,* John/Jane Doe #4,  *Individually*,  John/Jane Doe #5, *Individually* to beat Mr. Toomey.

10

29.    **§ 1983 - Excessive Force**    Plaintiffs plead that Defendants used excessive force and/or deadly force in the course of the officer's supposed arrest, and/or investigatory stop, and/or other "seizure" of a free citizen, such as Mr. Tommey, in violation of the Fourth Amendment and its "reasonableness" standard.    Plaintiffs therefore plead that Mr. Tommey were unlawfully assaulted, and physically beaten by Defendants.    Said actions resulted directly and only from the use of force that was clearly excessive to the need, and the excessiveness of which was objectively unreasonable.

30.    Under §1983, Defendant City of Corpus Christi is also liable for failing to supervise and/or failing to train, and/or acquiescence in unconstitutional behavior by subordinates.    First,    Defendant City of Corpus Christi failed to properly train and failed to properly supervise its officers.    Defendant City of Corpus Christi is liable under §1983, as there is a causal connection between his actions and/or omissions and the alleged constitutional violations, as outlined throughout this entire pleading.    In addition, Defendant City of Corpus Christi did not discipline Defendants Daniel Jimenez, *Individually*, Michael Smotherman, *Individually*, John/Jane Doe #1, *Individually*, John/Jane Doe #2, *Individually,* John/Jane Doe #3, *Individually,* John/Jane Doe #4,    *Individually*,    John/Jane Doe #5,    *Individually* for their conduct, thereby sanctioning their actions, amounting to a departmental policy that violated Mr. Tommeys' civil rights.    Defendant City of Corpus Christi's failure to supervise or train amounted to gross negligence or deliberate indifference.

31.    It is also well-established that municipalities are liable under 42 U.S.C.S. §1983 for constitutional torts that are in compliance with their customs, practices, policies or procedures.    A municipality is liable for constitutional deprivations visited pursuant to governmental custom even though such custom has not received formal approval through the body's official decision making channels.    In this case, Defendant City of Corpus Christi is liable because it sanctioned the custom,

11

practice and/or policy or procedures of, *inter alia*, 1) using excessive, and oftentimes deadly force, to effectuate what are otherwise routine arrests, 2) using deadly force when such is not necessary and/or allowable, 3) ignoring the serious need for training and supervision of their officers in regards to the use of force, 4) failing to discipline those persons whom are found to have engaged in the use of excessive force upon those entrusted to their care and/or under their control, 5) failing to adequately supervise and/or observe their employees and/or officers including reservist, 6) failing to provide adequate training in regard to the availability of alternative means of detaining persons apart from the use of force and/or deadly force, and 7)  failing to impose proper and sufficient policies and/or procedures as to the use of force.  Such policy and/or customs were the "moving force" behind the constitutional violation (excessive force) exacted upon Mr. Tommey and was the "cause in fact" of their injuries.

32.     The actions and/or inaction taken in this case was uncalled for and taken pursuant to the customary practices and/or policies or procedures that were sanctioned by Defendant City.  Liability for Defendant City of Corpus Christi is established under §1983 because the "turn a blind eye" approach to the use of excessive force is a persistent, widespread practice of the city employees -- namely police officers  -- that, although not authorized by officially adopted policy, is so common and well settled as to constitute a custom that fairly represents official policy.  Defendant City of Corpus Christi had actual or constructive knowledge of each practice, custom, and/or policy or procedure and numerous prior incidents of such conduct and/or inaction as to establish accession to that custom by the policy makers.  Defendant City of Corpus Christi's unspoken policies above reflect a decision that shows deliberate indifference to the risk that a violation of a particular constitutional or statutory rights will follow the decision.  In the alternative,  Defendant City of

12

Corpus Christi is liable under §1983 for failing to adopt clear policies outlining the criteria for determining the need for, the availability of and/or the means by which to use force.

33.     Moreover, Defendant City of Corpus Christi is liable for the inadequate training of their officers under §1983.  Liability attaches to  Defendant City of Corpus Christi because its failure to train amounts to deliberate indifference to the rights of the persons with whom officers come in contact.

**V.**
**THIRD CLAIM FOR RELIEF - - Assault**

34.     The allegations contained in Paragraphs 16 thru 23 are herein incorporated by reference, the same as if fully set forth verbatim for any and all purposes of this pleading.

35.     As a pendent state cause of action, at all times material and relevant herein, Defendants Daniel Jimenez, *Individually*, Michael Smotherman, *Individually*, John/Jane Doe #1, *Individually*, John/Jane Doe #2, *Individually,* John/Jane Doe #3, *Individually,* John/Jane Doe #4,  *Individually*, John/Jane Doe #5, *Individually*, by acts and/or omissions and under color of state law did then and there by acts/and/or omissions, intentionally, knowingly and/or recklessly cause severe personal injury to Mr. Tommey through unconsented physical contact with them.

36.     Under Texas law, the cause of action for excessive force is simply one for assault and battery. Consequently, Plaintiffs allege that Defendants Daniel Jimenez, *Individually*, Michael Smotherman, *Individually*, John/Jane Doe #1, *Individually*, John/Jane Doe #2, *Individually,* John/Jane Doe #3, *Individually,* John/Jane Doe #4,  *Individually*,  John/Jane Doe #5, *Individually* committed an assault upon Mr. Tommey when they intentionally, knowingly, and/or recklessly beat Mr. Toomey.  Said assaultive conduct of said Defendants Daniel Jimenez, *Individually*, Michael Smotherman,

*Individually*, John/Jane Doe #1, *Individually*, John/Jane Doe #2, *Individually,* John/Jane Doe #3, *Individually,* John/Jane Doe #4, *Individually*, John/Jane Doe #5, *Individually* was committed intentionally, knowingly, and/or recklessly and was the proximate cause of physical and emotional injuries to Mr. Tommey. Said injuries were the direct and immediate consequence of Defendants Daniel Jimenez, *Individually*, Michael Smotherman, *Individually*, John/Jane Doe #1, *Individually*, John/Jane Doe #2, *Individually,* John/Jane Doe #3, *Individually,* John/Jane Doe #4, *Individually*, John/Jane Doe #5, *Individually* wrongful acts and a natural and direct result of the assault.

37.     At no time were Defendants Daniel Jimenez, *Individually*, Michael Smotherman, *Individually*, John/Jane Doe #1, *Individually*, John/Jane Doe #2, *Individually,* John/Jane Doe #3, *Individually,* John/Jane Doe #4, *Individually*, John/Jane Doe #5, *Individually* privileged to take the action, as force was not necessary. Moreover, said Defendants' assault and battery of Mr. Tommey was not objectively reasonable when balancing the amount of force used against the need for the force.

## VI.
### FIRST CLAIM FOR RELIEF AGAINST NUECES COUNTY, JOHN/JANE DOE #1, INDIVIDUALLY, JOHN/JANE DOE #2, INDIVIDUALLY, JOHN/JANE DOE #3, INDIVIDUALLY, JOHN/JANE DOE #4,  INDIVIDUALLY,  JOHN/JANE DOE #5, INDIVIDUALLY- - §1983

38.     The allegations contained in paragraphs 16 through 23  are incorporated herein by reference, the same as if fully set forth verbatim for any and all purposes of this pleading.

39.     The Civil Rights Act of 1871 (formerly known as the Ku Klux Klan Act), now codified as 42 U.S.C. §1983 as federal law provides:

> "Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state or territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction

thereof to the deprivation of any laws, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

42 U.S.C. §1983.

40.    The state action requirement for standing under 42 U.S.C. §1983 has more commonly been referred to as "color of state law," from the statute itself.  Plaintiffs are informed and believe, and thereupon allege that in committing said acts and/or omissions, each Defendant was the agent and employee of each other Defendant and was acting within such agency and employment and that each Defendant was acting under color of state law.

41.    42 U.S.C. §1983 requires that the conduct complained of must have deprived the person of some privilege or immunity secured by the Constitution or laws of the United States.  As such, Plaintiffs allege that Defendants, jointly and/or severally deprived Mr. Toomey of his Fourth Amendment rights and those rights, privileges, and immunities secured by the Constitution incorporated and applied to the states through the Fourteenth Amendment.  Defendants violated this provision by the following actions and/or omissions:

      a)    by acting with deliberate indifference to a substantial and known risk of harm to Mr. Toomey;

      b)    by failing to intervene, where such intervention would have prevented the death of Mr. Toomey; and

      c)    in creating a danger, which otherwise would not have existed, but for the conduct of Defendants, and which made more likely the opportunity of harm to occur to Mr. Toomey.

42.    Defendants' actions and/or omissions were not "objectively reasonable" in light of the facts and circumstances confronting them without regard to their underlying intent or motivation.  Clearly,

15

careful attention to the facts and circumstances of this particular case illustrates the unreasonableness of Defendants' actions.

43.     It is well-established that counties are liable under 42 U.S.C. § 1983 for constitutional torts that are in compliance and/or in accordance with their customs, practices, policies or procedures.  A county is liable for constitutional deprivations visited pursuant to governmental custom even though such custom has not received formal approval through the body's official decision-making channels.

44.     Defendants are liable herein because they sanctioned the custom, practice and/or policy or procedures of, *inter alia*, 1) ignoring the serious medical needs of those entrusted to their care based either on expedience or ignorance to the consequences, 2) failing to discipline those persons whom are found to have ignored the medical needs of such individuals, 3) failing to adequately supervise and/or observe their inmates/detainees/arrestees, 4) failing to provide adequate man power to supervise and/or observe inmates/detainees/arrestees, 5) failing to provide adequate staff to handle situations stemming from the medical needs of inmates/detainees/arrestees, 6) failing to impose proper and sufficient policies and/or procedures as to the screening of inmates/detainees/arrestees in regard to their medical needs, 7) failing to act in compliance with and failing to enforce the policy (of both the Nueces County Jail and Texas Jail Standards) requiring visual "checks," and 8) failing to train and/or discipline those employees whom are found to have violated any of the above-noted policies.

45.     The actions and/or inactions taken in this case were taken pursuant to the customary practices and/or policies or procedures that were sanctioned by Defendants.  Liability for Defendants is established under §1983 because their "ignore all policies" attitude is a persistent, widespread

practice of the county employees -- namely deputies/officers -- that, although not authorized by officially adopted policy, is so common and well settled as to constitute a custom that fairly represents official policy. Defendants had actual or constructive knowledge of each practice, custom, and/or policy or procedure and numerous prior incidents of such conduct and/or inaction as to establish accession to that custom by the policy makers. Defendants' unspoken policies above is a decision that reflects deliberate indifference to the risk that a violation of a particular constitutional or statutory right will follow the decision. In the alternative, Defendants are liable under §1983 for failing to adopt clear policies outlining the criteria for determining, relaying and/or treating the medical (mental and otherwise) needs of inmates/detainees/arrestees.

46.     Moreover, Defendants are liable for the inadequate training of their deputies/officers under §1983. Liability attaches to Defendants because their failure to train amounts to deliberate indifference to the rights of the persons with whom they come in contact.

## VII.
## DAMAGES

47.     As a result of the foregoing unlawful and wrongful acts of Defendants, jointly and severally, Plaintiffs have been caused to suffer general damages which include, but are not limited to, the following: loss of a husband, father and son, both physical and emotional injury, including but not limited to, pain and suffering, and severe emotional and mental distress, and shock, along with severe emotional distress, and loss of support, both emotional and financial, and funeral and burial expenses.

48.     Said injuries have caused Plaintiffs to incur special damages which include but are not limited to: funeral and burial expenses and the loss of companionship and/or consortium, as well as

17

lost support that Mr. Toomey would have provided during the remainder of his life.

49.     Pursuant to the Civil Rights Attorney's Fees Award Act, 42 U.S.C. §1988, a prevailing party in a §1983 case is entitled to recover its attorney's fees.   Hence, Plaintiffs further pray for all costs and attorney fees associated with bringing the present case to trial.

50.     In addition, Plaintiffs pray for punitive damages against all individual defendants named herein.   Punitive damages are designed to punish and deter persons such as Defendants who have engaged in egregious wrongdoing.   Punitive damages may be assessed under §1983 when a Defendants' conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.

**WHEREFORE PREMISES CONSIDERED**, Plaintiffs pray that upon trial upon the merits, Plaintiffs recover damages against Defendants, jointly and severally; that Plaintiffs also recover punitive damages against the individual Defendants in an amount to punish and/or deter and to make an example of those Defendants in order to prevent similar future conduct; that this Court issue injunctive relief and/or provide judicial oversight to ensure compliance with Federal law; and that Plaintiffs recover against each Defendant all reasonable and necessary attorney's fees, court costs and expenses in regards to the present suit in litigation.   Moreover, Plaintiffs pray for all pre-judgment and post-judgment interest that can be assessed against the Defendants in the event of recovery; and that Plaintiffs recover against each Defendant any and all other general or specific relief to which they prove themselves justly entitled.

Respectfully submitted,

GALE LAW GROUP, PLLC
P.O. Box 2591
Corpus Christi, Texas 78403

18

Telephone: (361)808-4444
Telecopier: (361)232-4139
Email: Chris@GaleLawGroup.com


By: /s/ Christopher J. Gale
    Christopher J. Gale
    Southern District No. 27257
    Texas Bar No. 00793766
*Attorney-In-Charge for Plaintiffs*

By: /s/ Amie Augenstein Pratt
    Amie Augenstein Pratt
    Texas Bar No 24085184
    Southern District Bar No. 2236723
    E-mail:  amie@galelawgroup.com
    *Attorney for Plaintiffs*

## **Demand for Jury Trial**

Plaintiffs hereby demand trial by jury pursuant to Fed.R.Civ.P. 8(b)

19