United States District Court
Southern District of Texas
**ENTERED**
September 27, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| SYLVIA FUENTES, *et al*, § | |
| § | |
| Plaintiffs, § | |
| VS. § | CIVIL ACTION NO. 2:15-CV-327 |
| § | |
| CITY OF CORPUS CHRISTI, TEXAS, *et* § | |
| *al*, § | |
| § | |
| Defendants. § | |

### ORDER ON PLAINTIFFS' OPPOSED MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Pending is Plaintiffs' Opposed Motion For Leave To File Plaintiffs' Second Amended Original Complaint. (D.E. 87). The motion is **GRANTED in part and DENIED in part**. Plaintiffs' motion to amend their complaint to delete reference to Defendant City of Corpus Christi and other Defendants employed by the City, including Corpus Christi Police Department ("CCPD") Officer Daniel Jimenez and CCPD Officer Michael Smotherman, is **GRANTED** pursuant to the notice of settlement. Plaintiffs' motion to amend their complaint to add or otherwise join as defendants Nueces County Officers Erasmus Gomez and Aldo Garza is **DENIED** for the reasons set forth below.

## I. JURISDICTION

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. Plaintiffs' motion to amend was referred to the undersigned Magistrate Judge for disposition pursuant to 28 U.S.C. § 636.

## II. PROCEDURAL BACKGROUND

This is a civil rights cause of action brought pursuant to 42 U.S.C. § 1983 against Nueces County, the City of Corpus Christi, and a number of local law enforcement personnel. Plaintiffs' claims arise out of the September 14, 2014 arrest of Sammuel Toomey. Plaintiffs' allege, among other things, that Sammuel Toomey was subjected to the excessive use of force and deliberate indifference to his serious medical needs. (D.E. 5).

Plaintiffs filed their Original Complaint with this Court on July 31, 2015. (D.E. 1). On August 7, 2015, the Court granted Plaintiffs' motion to amend the style of the case to add two Plaintiffs who were accidently omitted from the caption and also to correct certain typographical errors. (D.E. 3, p. 2; D.E. 4). The Clerk of Court docketed Plaintiffs' First Amended Complaint on August 7, 2015. (D.E. 5). Defendants Nueces County, the City of Corpus Christi, CCPD Officer Daniel Jimenez and CCPD Officer Michael Smotherman filed answers. (D.E. 7, 16, 17). The parties filed their Joint Discovery/Case Management Plan on October 16, 2015. (D.E. 18). On October 20, 2015, the Court entered a scheduling order setting the case for trial on July 18, 2016 and also setting deadlines, including a January 4, 2016 deadline to join

parties and amend pleadings. (D.E. 19). On March 2, 2016, the Court granted Plaintiffs' motion to extend discovery from April 1, 2016 to May 31, 2016. (D.E. 34). On June 23, 2016, at a hearing before United States District Judge Nelva Gonzales Ramos, the Court again granted Plaintiffs' motion to extend discovery and further granted Plaintiffs an extension to respond to dispositive motions. The Court also continued the trial to October 17, 2016, the current trial setting. During July and August 2016, the Court granted Plaintiffs a series of extensions to respond to Defendants' motions for summary judgment. (D.E. 67, 68, 71, 72, 75, 78).

On August 15, 2016, the parties filed a notice of settlement as to Plaintiffs and Defendants City of Corpus Christi, CCPD Officer Daniel Jimenez and CCPD Officer Michael Smotherman. (D.E. 83).

On September 13, 2016, Plaintiffs filed the instant opposed motion to amend the complaint. (D.E. 87). In the motion to amend, Plaintiffs seek to add as Defendants Nueces County Officers Erasmus Gomez and Aldo Garza. In support of their motion, Plaintiffs' state Defendant Nueces County provided Plaintiffs' counsel with the Internal Affairs Investigation Report which identified these officers as on duty at the time of Sammuel Toomey's death. (D.E. 87, p. 1). The Nueces County Defendants filed a response in opposition to the motion to amend. (D.E. 89). The Nueces County Defendants oppose the amendment because: (1) the deadline to amend has expired; (2) Plaintiffs' have failed to show a need or good cause; (3) the motion is untimely; (4) Plaintiffs have demonstrated a lack of diligence; and (5) the requested relief will cause

delay in the trial, which is set for October 17, 2016, after having been previously continued.

## III.   ANALYSIS

Where a scheduling order has been entered establishing a deadline for amendments to pleadings, Federal Rule of Civil Procedure 16(b) provides the standard for requests to amend after a scheduling order's deadline has expired. *Marathon Fin. Ins., Inc. v. Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009). "Rule 16(b) provides that once a scheduling order has been entered, it 'may be modified only for good cause and with the judge's consent.'" *Marathon*, 591 F.3d at 470 (*quoting* Fed. R. Civ. P. 16(b)). Rule 16(b) requires a party "to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Id.* (*quoting S & W Enters., LLC v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir.2003)). To determine whether the moving party has established good cause, the Court considers the following four factors: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id.* (*quoting Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003)).

Plaintiffs' explanation for the amendment is that "[d]uring the discovery process, Defendant County provided the Internal Affairs Investigation Report, which identified the Nueces County Officers on duty at the time of Mr. Toomey's death." (D.E. 87, p. 1). Defendants' response indicates that Plaintiffs' counsel has had notice

of these potential defendants for a number of months. (D.E. 89, p. 3). On November 18, 2015, in its initial disclosures, Nueces County disclosed to Plaintiffs that Officer Erasmus Gomez and Officer Aldo Garza were the two officers on duty at the time of Sammuel Toomey's death. (D.E. 89. p. 3). Further, Defendant Nueces County offered these witnesses to Plaintiffs' counsel for deposition in April 2016. Plaintiffs' counsel cancelled the depositions and has not deposed these or any other witnesses. Plaintiffs' explanation for the failure to timely move to amend does not support the motion being granted.

Further, Plaintiffs' counsel does not explain the importance of the amendment or what these potential defendants did or did not do in connection with this action. However, Plaintiffs have filed a separate action against Erasmus Gomez and Aldo Garcia in Civil Action No. 2:16-cv-390, United States District Court, Southern District of Texas, Corpus Christi Division. The filing of a separate action obviates the need for the amendment and weighs heavily against granting Plaintiffs' motion to amend.

The prejudice of allowing the amendment is that it will be detrimental to the efficient and timely resolution of the case. Discovery has ended. Dispositive motions have been filed. The trial is less than a month away. The proposed defendants would be entitled to answer, conduct discovery and file dispositive motions. If granted, the proposed amendment would necessitate another continuance of the trial. At this stage of the proceedings, with the trial less than a month away, on these facts, the

undersigned finds Plaintiffs' have not established good cause to amend to add defendants.

Therefore, Plaintiffs' Opposed Motion For Leave To File Plaintiffs' Second Amended Original Complaint (D.E. 87) is **GRANTED in part and DENIED in part**. Plaintiffs' motion to amend their complaint to delete reference to Defendant City of Corpus Christi and other Defendants employed by the City, including CCPD Officer Daniel Jimenez and CCPD Officer Michael Smotherman, is **GRANTED**. Plaintiffs' motion to amend their complaint to add or otherwise join as defendants Nueces County Officers Erasmus Gomez and Aldo Garza is **DENIED**.

It is, therefore, ORDERED that Plaintiffs shall file an amended complaint in accordance with this order on or before **September 30, 2016**.

ORDERED this 27th day of September, 2016.

_Jason Libby_
Jason B. Libby
United States Magistrate Judge